**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1386-WJM-KMT

LANDMARK AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

VO REMARKETING CORP., and
KAYE LAURA TIBBE,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Landmark American Insurance Company ("Plaintiff") brings this action for declaratory relief against VO Remarketing Corp. ("VO") and Kaye Laura Tibbe ("Tibbe"), arising out of an accident that occurred on November 2, 2012.  (ECF No. 1.) This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings (the "Motion for Judgment") (ECF No. 32), and VO's Motion to Amend Counterclaims and Add a Request for Exemplary Damages (the "Motion to Amend") (ECF No. 63).  For the reasons set forth below, the Motion for Judgment is granted and the Motion to Amend is denied.

### I.  BACKGROUND

Plaintiff, an insurance company, issued a Commercial General Liability Policy to VO, which was effective from January 18, 2012 to January 18, 2013 (the "Landmark Policy").  (ECF No. 1-2.)

During the effective period of the Landmark Policy, Tibbe purchased a "Step Mill 7000 PT Stairmaster" (the "Stairmaster") from VO. (ECF No. 33-1-A ¶ 8.) On or about November 2, 2012, VO delivered the Stairmaster to Tibbe's residence. (*Id.*) As two VO employees were attempting to maneuver the Stairmaster to Tibbe's second story loft, they lost control of the Stairmaster at the crest of the stairs. (*Id.*) The Stairmaster cascaded down the flight of stairs and crushed Tibbe (the "Accident"). (*Id.*) Tibbe sustained multiple injuries from the Accident. (*Id.*)

Tibbe filed a lawsuit against VO in the Weld County District Court, Colorado, seeking damages for the injuries she sustained from the Accident (the "Underlying Lawsuit"). (*Id.*) Tibbe provided Plaintiff with a copy of the complaint filed in the Underlying Lawsuit. (ECF No. 46 at 4.)

After receiving the complaint, Plaintiff initiated this action for declaratory relief on May 29, 2013, seeking a declaration that it does not owe a duty to defend or indemnify VO in the Underlying Lawsuit. (ECF No. 1.) On August 13, 2013, VO filed an Answer and Counterclaim (ECF No. 25), and Tibbe filed an Answer (ECF No. 26). On August 29, 2013, Plaintiff filed an Answer to VO's Counterclaims. (ECF No. 30.) On October 10, 2013, VO filed an Amended Counterclaim. (ECF No. 41.) On October 16, 2013, Plaintiff filed an Answer to VO's Amended Counterclaim. (ECF No. 44.)

On September 19, 2013, Plaintiff filed its Motion for Judgment on the Pleadings, requesting that the Court, pursuant to Fed. R. Civ. P. 12(c), enter judgment in its favor as to Count I of its Complaint. (ECF No. 32.) On October 21, 2013, VO filed a Response to the Motion for Judgment, arguing that judgment on the pleadings is unwarranted because: (1) the Landmark Policy is ambiguous and defeats VO's

reasonable expectations as an insured; (2) material factual allegations are disputed; and (3) Tibbe's complaint triggered Plaintiff's duty to defend VO in the Underlying Lawsuit.  (ECF No. 46 at 5-15.)  On November 4, 2013, Plaintiff filed a Reply to the Motion for Judgment.  (ECF No. 47.)

On May 30, 2014, VO filed the Motion to Amend Counterclaims and Add a Request for Exemplary Damages.  (ECF No. 63.)  Plaintiff filed a Response on June 6, 2014, and VO filed a Reply on June 10, 2014.  (ECF No. 68.)

The Motion for Judgment and Motion to Amend are now ripe for resolution.

## II.  STANDARD OF REVIEW

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under a similar standard as a motion brought pursuant to Rule 12(b)(6).  Therefore, in ruling on a motion for judgment on the pleadings, courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief – that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face."  *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007) (internal citation omitted); *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).  The Court accepts as true the well-pled factual allegations of the opposing party and draws all reasonable inferences in his favor.  *See Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002). "Uncontested allegations to which the other party had an opportunity to respond are taken as true."  *Id.*

Further, "[j]udgment on the pleadings should not be granted unless the moving

party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (internal citation omitted); *Qwest*, 208 F.R.D. at 291 (holding that judgment on the pleadings is appropriate where the Answer fails to raise issues of fact or affirmative defenses "which, if proved, would defeat plaintiff's recovery"). In ruling on a motion for judgment on the pleadings, the Court may consider the Complaint, any material that is attached to the Complaint, and the Answer. *See Park Univ.*, 442 F.3d at 1244; *Qwest*, 208 F.R.D. at 291. The allegations in Plaintiff's Complaint "must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). In addition, only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.*

### III.  ANALYSIS

Plaintiff requests that the Court conclude as a matter of law that it has no duty to defend or indemnify VO in the Underlying Lawsuit. Specifically, Plaintiff argues that the Landmark Policy bars coverage for "bodily injury" and "property damage" arising out of the "loading and unloading" of an "auto." (ECF No. 33 at 6.)

The Landmark Policy contains several exclusions to coverage, only one of which is at issue in this case (the "Auto Exclusion"), which reads as follows:

> 2.  Exclusions
>
>     This insurance does not apply to:
>     . . .
>
>     g.   Aircraft, Auto or Watercraft

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. *Use includes operation and "loading and unloading".*

(ECF No. 1-2 at 16-18 (emphasis added.)

The policy further defines "loading and unloading" as the handling of property:

> . . .
> c.   While it is being moved from an aircraft, watercraft or "auto" to the *place where it is finally delivered[.]*

(*Id.* at 28 (emphasis added.)  Additionally, "auto" is defined as:

> 2.   . . . a land motor vehicle, trailer or semitrailer designed for trave on public roads, including any attached machinery or equipment.  But "auto" does not include "mobile equipment."

(*Id.* at 26.)

The plain language of the policy, read as a whole, unambiguously excludes coverage for any injury arising out of the use of an auto.  *See Landmark Am. Ins. Co. v. U.S. Fid. & Guar. Co.*, 116 F. App'x 583, 586 (6th Cir. 2004) (interpreting identical auto exclusion and finding that it excluded coverage for an injury arising out the use of an auto).  At issue here is whether the Stairmaster was "finally delivered" before the Accident occurred.  If it was not, and VO was still "unloading" the delivery truck at the time of the Accident, VO's conduct would fall under the Auto Exclusion, and coverage under the Landmark Policy would be barred.  *See id.*

Plaintiff argues that "finally delivered" under the Auto Exclusion means the specific location within a home where the item is placed in its final position.  (ECF No. 33 at 6.)  Plaintiff further contends that since the Stairmaster had not yet been placed in

Tibbe's second story loft as directed, the unloading of the Stairmaster had not yet ceased at the time of the Accident, and thus delivery was not complete.  (ECF No. 33 at 12-13.)  VO, on the other hand, argues that "finally delivered" could reasonably be understood to mean arrival at the home or commercial address where the item is to be turned over to the customer.  (ECF No. 46 at 14.)

VO further argues that since "finally delivered" is susceptible to more than one meaning, the Auto Exclusion is ambiguous and should be construed in favor of VO.  (ECF Nos. 46 at 13 (citing *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 820 (Colo. 2004) ("Where terms in an insurance policy are ambiguous, we construe the terms against the drafter and in favor of providing coverage to the insured.").)  The Court disagrees.

Colorado courts have adopted the "complete operation" doctrine with relation to liability insurance coverage for "loading and unloading."  *See Titan Const. Co. v. Nolf*, 183 Colo. 188, 193  (1973) ("We . . . hold that the 'complete operation' doctrine is the law in Colorado[.]").  Under this doctrine, unloading includes "the entire process involved in the movement of goods from the time they are given into the insured's possession until the insured has *completed delivery* thereof."  *Id.* (emphasis added).  This is in contrast to the "coming to rest" doctrine, by which "'unloading'" comprises only the actual removing or lifting of the article from the loaded vehicle to the moment when it again comes to rest."  *Id.*  Additionally, under the "complete operation" doctrine, delivery is not complete until the goods have reached the place designated by the parties and are in the possession of the receiving party.  *See e.g.*, *Fireman's Fund Ins.*

*Co. v. New Zealand Ins. Co.*, 439 P.2d 1020, 1023 (Ariz. 1968) (finding that delivery is complete "when the goods have been delivered in the possession of the consignee or his agent or employee and have reached the place designated by the parties . . . ."); *Pac. Auto. Ins. Co. v. Commercial Cas. Ins. Co. of N.Y.*, 161 P.2d 423, 238 (Utah 1945) (explaining that "delivery is not completed until the deliveror has finished his handling of the article, has completed his assignment or task of putting the articles into the possession of the receiving party.").

Here, Tibbe requested that the VO employees deliver the Stairmaster to her second story loft. (ECF No. 33-1-A ¶ 8.) VO contends that delivery had been completed because the VO employees "had crested the stairs" to the second story loft at the time of the Accident. (*Id.* ("At the crest of the stairs VO's employees and/or agents lost control of the [Stairmaster]"); ECF Nos. 46 at 14.) This uncontested fact, however, shows that VO had not finished handling the Stairmaster at the time of the Accident. The Court, therefore, finds that, under governing Colorado law, delivery was not yet complete when the Accident occurred. *See Pac. Auto.*, 161 P.2d at 238.

For the same reason, the Court rejects VO's argument that whether or not delivery was completed is a genuine issue of material fact that precludes summary adjudication. (ECF No. 46 at 5-9.) VO argues that a reasonable jury could conclude that the Stairmaster had arrived at the second story loft, and therefore reached the place of its final delivery before the Accident occurred. (*Id.* at 8.) Under the "complete operation" doctrine, however, whether or not the Stairmaster had reached the loft is not material because it is undisputed that VO still had control of the Stairmaster when the Accident occurred. (ECF No. 33-1 ("At the crest of the stairs VO's employees and/or

agents lost control of the [Stairmaster]"; *see also See Pac. Auto.*, 161 P.2d at 428.) The Court, therefore, finds that there is no genuine issue of material fact that precludes summary adjudication.

Here, the accident occurred before the conclusion of the loading and unloading of VO's insured vehicle. Because Tibbe's injuries arises from action that falls squarely within the plain language of the Auto Exclusion, the application of the exclusion provision is not ambiguous. *See Lancer Ins. Co. v. Newman Specialized Carriers, Inc.*, 903 F. Supp. 2d 1272, 1277 (N.D. Ala. 2012) ("Because the injury arises from action that falls squarely within the plain language of the "auto exclusion," the exclusion is not ambiguous."). Therefore, the Auto Exclusion clause for "loading and unloading" an auto prevents the Landmark Policy from applying in this case.

As such, the Court finds that there is no factual or legal basis on which Plaintiff might eventually be held liable to indemnify VO under the "complaint rule." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 957 (10th Cir. 2011) ("Under Colorado law, the insurer has a duty to defend unless the insurer can establish that the allegations in the complaint are solely and entirely within the exclusions in the insurance policy; an insurer is not excused from its duty to defend unless there is no factual or legal basis on which the insurer might eventually be held liable to indemnify the insured."). The Court, therefore, finds that Plaintiff has no duty to defend or indemnity VO in the Underlying Lawsuit.

Therefore, the Court finds that: (1) no material issues of fact are in dispute; (2) the Landmark Policy and Auto Exclusion are unambiguous; and (3) Plaintiff does not have a duty to defend or indemnify VO under the complaint rule. Accordingly, Plaintiff's

Motion for Judgment on the Pleadings is granted.

## IV.  VO's Counterclaims

In VO's operative Counterclaim, VO asserts causes of action for: (1) breach of contract; (2) bad faith breach of insurance contract; and (3) relief pursuant to Colorado Revised Statute §§ 10-3-1115 & 1116.  (ECF No. 41 ¶¶ 22-40.)  VO has also filed a Motion to Amend to add a request for exemplary damages.  (ECF No. 63.)

Colorado courts hold that where an insurer is not obligated to provide a defense or indemnification to an insured, the insurer could not have breached its contractual obligations or acted in bad faith.  *See, e.g., Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 815 (10th Cir. 2009) (deciding issue under Colorado law, and holding that "[b]ecause Carolina Casualty had no legally cognizable duty to defend or indemnify a claim, plaintiffs' bad faith claim also cannot survive.").  Thus, Plaintiff neither breached its contractual obligations to VO nor acted in bad faith.  *See Leprino v. Nationwide Prop. & Cas. Ins. Co.*, 89 P.3d 487, 492 (Colo. Ct. App. 2003) (explaining that since the facts alleged did not trigger coverage under the insurance policy, defendants "neither breached their contractual obligations to plaintiff nor acted in bad faith.").  Accordingly, VO's Counterclaims are dismissed.

Additionally, as the relief granted in this Order dispenses of the entire case, Plaintiff's Motion to Amend is denied.

## V.  CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Plaintiff's Motion for Judgment on the Pleadings (ECF No. 32) is GRANTED;

2. VO Remarketing Corp.'s Counterclaims are DISMISSED WITH PREJUDICE:

3. VO Remarketing Corp.'s Motion to Amend Counterclaims (ECF No. 63) is DENIED; and

4. The Clerk shall enter judgment for Plaintiff and against Defendants VO Remarketing Corp. and Kaye Laura Tibbe on all claims, and Plaintiff shall have its costs.

Dated this 13th day of June, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge